IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IVORY SCOTT,
    Plaintiff,

vs.                                                No. 98-426-CIV-FTM-23D

SUNCOAST BEVERAGE SALES, LTD.,
and PMBA, INC.,
    Defendants.
_____/

## AMENDED COMPLAINT

For his complaint against the defendant, the plaintiff alleges and states:

### I. PRELIMINARY STATEMENT

1. Plaintiff was employed by Suncoast Beverage Sales for almost five years. During that time, plaintiff was assigned to serve primarily neighborhoods where revenues are lower, thus his commissions were lower. Plaintiff asked for some manner of relief, so as to balance his assignments in some way with those of white salesmen. The company's response was to fire him. Plaintiff was replaced by a white man. Plaintiff seeks relief under 42 U.S.C. §1981, 42 U.S.C. §2000e et seq., and Chapter 760, Fla. Stat., being the primary civil rights laws of Florida and the United States of America. Also, plaintiff was denied rights under the COBRA law. He seeks relief accordingly.

### II. JURISDICTION

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1337, and 42 U.S.C. §2000e-5(f)(3), and as to the state law claims, 28 U.S.C. §1367.

### III. THE PARTIES

3. The plaintiff, Ivory Scott, is a resident of Lee County, Florida.

4. The defendant, Suncoast Beverage Sales, Ltd., is a foreign limited partnership. It maintains a place of business in Lee County, Florida, at one of which plaintiff was employed by the defendant. Its general partner is defendant PMBA, Inc., a foreign corporation authorized to do business in Florida.

## IV. VENUE

5. All principal acts alleged herein took place in Lee County, Florida.

6. Because of the facts alleged in paragraphs 3, 4 and 5 above, venue is proper in this District and Division.

## V. EXHAUSTION OF REMEDIES

7. Plaintiff filed a charge of racial discrimination jointly with the U.S. Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR).

8. On July 23, 1998, the EEOC issued a notice of right to sue, which meant that the filing date for this action was October 24, 1998. FCHR has not made any administrative determination to date.

## VI. FACTS

9. Plaintiff, an African-American, was employed by defendant Suncoast Beverage Sales as a route salesman for almost five years. His duties included selling beverages to retail outlets and delivering the beverages to them. At all material times herein, defendant employed 15 persons or more.

10. During that time, plaintiff was assigned to serve primarily neighborhoods where revenues are lower, thus his commissions were lower.

11. Plaintiff asked for some manner of relief, so as to balance his assignments in some way with those of white salesmen, who made more money because their routes produced more revenues.

12. The company's response was to fire plaintiff.

13. Plaintiff was replaced by a white man.

14. Plaintiff was given no information regarding health insurance or other rights he had under the Consolidation Omnibus Budget Reconciliation Act (COBRA), P.L. 99-272. Plaintiff was unable to avail himself of his rights, and has suffered liability for medical costs which he would not otherwise have incurred. Plaintiff is therefore entitled to statutory damages of $100 per day for each day for which proper notice was not given.

15. Plaintiff has suffered emotional distress as a result of the illegal actions of the employer.

16. The employer undertook the above violations of law intentionally or with reckless disregard of plaintiff's rights, and is therefore liable to the plaintiff for punitive damages.

## VII. COUNT ONE
## DISCRIMINATION: 42 U.S.C. §1981

17. The foregoing facts constitute a violation of 42 U.S.C. §1981 based on discrimination in pay on the basis of race, entitling plaintiff to the difference in pay between plaintiff and white comparators for the entire period of his employment, together with compensatory and punitive damages.

## VIII. COUNT TWO
## DISCRIMINATION: TITLE VII

18. The foregoing facts constitute a violation of Title VII, 42 U.S.C. §2000e et seq., based on discrimination in pay on the basis of race, entitling plaintiff to the

difference in pay between plaintiff and white comparators for the entire period of his employment, together with compensatory and punitive damages.

## IX. COUNT THREE
## DISCRIMINATION: FLORIDA CIVIL RIGHTS ACT

19. The foregoing facts constitute a violation of the Florida Civil Rights Act, Chapter 760, Fla. Stat., based on discrimination in pay on the basis of race, entitling plaintiff to the difference in pay between plaintiff and white comparators for the entire period of his employment, together with compensatory and punitive damages.

## X. COUNT FOUR
## RETALIATION: 42 U.S.C. §1981

20. The foregoing facts, especially paragraphs 11-13, constitute a violation of 42 U.S.C. §1981 based on retaliation, consisting of discrimination against plaintiff in the termination of his employment contract because of race, entitling plaintiff to lost pay since his termination, together with compensatory and punitive damages.

## XI. COUNT FIVE
## RETALIATION: TITLE VII

21. The foregoing facts, especially paragraphs 11-13, constitute a violation of Title VII, 42 U.S.C. §2000e et seq., based on retaliation, entitling plaintiff to lost pay since his termination, together with compensatory and punitive damages.

## XII. COUNT SIX
## RETALIATION: FLORIDA CIVIL RIGHTS ACT

22. The foregoing facts, especially paragraphs 11-13, constitute a violation of Florida Civil Rights Act, Chapter 760, Fla. Stat., based on retaliation, entitling plaintiff to lost pay since his termination, together with compensatory and punitive damages.

## XIII. COUNT SEVEN
## COBRA VIOLATION

23. The foregoing facts constitute a violation of the Consolidation Omnibus Budget Reconciliation Act (COBRA), P.L. 99-272, entitling plaintiff to statutory damages of $100 per day from the date of termination until judgment herein.

## XIV. DEMAND FOR JURY TRIAL

24. Plaintiff demands a jury trial of all issues in this action.

## XV. PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

A. Damages, both compensatory and punitive.

B. A reasonable attorney's fee and expert fees.

C. Injunctive relief, including back pay and reinstatement.

D. All other proper relief.

*Douglas L. Wilson*
Douglas L. Wilson
Fla. Bar No. 915947
The Wilson Law Firm
616 Sanctuary Road
Naples, FL 34120-4837
(941) 348-9191 (voice & fax)
Attorney for Plaintiff

5